UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 7** |
| | ) | **Case no. 08-33179** |
| **LAKESIDE MANUFACTURING, INC.,** | ) | **Hon. Jacqueline P. Cox** |
| | ) | **Hearing Date:  5/8/14 @ 09:30 a.m.** |
| Debtor. | ) | |

## NOTICE OF MOTION

To:      See Attached Service List

         **PLEASE TAKE NOTICE** that on **Thursday, May 8, 2014** at **9:30 a.m.**, or as soon thereafter as may be possible, we shall appear before the Honorable Jacqueline P. Cox or any other Judge sitting in her stead, in **Courtroom 680**, of the Dirksen Federal Building, 219 South Dearborn, in Chicago, Illinois, and shall then and there present the attached **Final Application of Trustee's Attorneys for the Allowance of Compensation and Reimbursement of Expenses,** a copy of which is hereby served upon you.


                                             /s/ Norman B. Newman
                                             Norman B. Newman, Trustee


Norman B. Newman, ARDC No. 02045427
MUCH SHELIST, P.C.
191 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Telephone: 312.521.2000
Facsimile:  312.521.2100
nnewman@muchshelist.com


## CERTIFICATE OF SERVICE


         Norman B. Newman, an attorney, hereby certifies that on April 8, 2014, he electronically filed this Application for Compensation with the Clerk of the Court via the Court's CM/ECF system which will send electronic notification to those individual registered to receive notice.
                                             /s/Norman B. Newman

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: | ) **Chapter 7** |
| | ) **Case no. 08-33179** |
| **LAKESIDE MANUFACTURING, INC.,** | ) **Hon. Jacqueline P. Cox** |
| | ) **Hearing Date:  5/8/14 @ 9:30 a.m.** |
| Debtor. | ) |

**APPICATION OF TRUSTEE'S ATTORNEYS FOR THE ALLOWANCE**
**OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Much Shelist, P.C. ("Much Shelist"), attorney for Norman B. Newman, not individually but solely as the Chapter 7 Trustee herein (the "Trustee"), moves this Court, pursuant to Sections 330-331 of the Bankruptcy Code and Local Bankruptcy Rule 5082-1, for the allowance of final compensation in the amount of $25,413.50 and reimbursement of expenses totaling $223.95 for services rendered during from November 30, 2010 through February 13, 2014.  In support of this application, Much Shelist states:

1.      On December 4, 2008, Lakeside Manufacturing, Inc. ("Lakeside") filed a voluntary Chapter 7 case to initiate this case.

2.      A related case, L&N Supply Co., Inc. ("L&N") bearing case no. 08-33182, was transferred by the Chief Judge to this Court.  The Trustee is the duly appointed trustee for both cases.

3.      By order dated September 23, 2009, this Court entered an order permitting substantive consolidation of Lakeside and L&N.  Loretta Dicke ("Ms. Dicke") is the sole shareholder and sole officer of both L&N and Lakeside.

4.      On January 6, 2009, this Court entered an Order authorizing the Trustee to employ Much Shelist as the Trustee's attorneys in this case.

5.      On December 6, 2010, this Court entered an Order awarding Much Shelist interim compensation in the amount of $46,089.50 plus reimbursement of out-of-pocket expenses in the amount of $184.20 for services rendered during January 6, 2009 through October 31, 2010.

6.      Much Shelist has no agreement with any other person or firm whatsoever with regard to its compensation in this case.

7.      Much Shelist provided 47.10 hours of services on behalf of the Trustee during the time period covered by this application.   This application includes time for legal services rendered by Norman B. Newman, the Trustee.   Mr. Newman has taken care to distinguish his legal services from his Trustee services.   A statement of Mr. Newman's Trustee services is attached hereto as Exhibit A.

8.      The following is a summary of time expended, by individual, during the time period covered by this application.

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Norman B. Newman | 20.60 hrs. | $605.32/hr.* | $12,469.50 |
| Colleen E. McManus | 3.70 hrs. | $429.87/hr.* | 1,590.50 |
| Jeffrey M. Schwartz | 19.10 hrs. | $552.78/hr.* | 10,558.00 |
| | | | |
| **Paralegal** | | | |
| Maribeth B. Robinson | 3.70 hrs. | $215.00/hr. | 795.50 |
| | | | |
| **TOTAL:** | **47.10 hrs.** | | **$25,413.50** |

*During the time period covered by this application, the hourly rates of some of the individuals who provided services changed.  The hourly rate reflected is an average rate.

9.      Attached hereto as Exhibit B is statement of legal services rendered.  The services are listed chronologically and are separated by activity.  Certain time entries could have been listed under a different activity, but there is no duplication of time entries.  The services were rendered in connection with and in furtherance of assisting the Trustee in the performance of his duties as delineated by Section 704 of the Bankruptcy Code.  This application complies with the

standards enunciated in *In re Continental Securities Litigation*, 572 F. Supp. 931 (N.D. Ill. 1983) modified 692 F.2d 766 (7th Cir. 1992).

10.     As more fully detailed in the chronological statement of services attached as Exhibit B, Much Shelist provided services to the Trustee with respect to the following categories:

**General Administration (Tab No. B-1):**     Much Shelist provided 36.00 hours of general administrative services to the Trustee.   Time was expended in connection with Court appearances on the Trustee's motion to employ special collection counsel and to settle the Trustee's claim against Ms. Dicke.   The vast majority of the time expended on this matter involved ongoing telephonic and written communications with Ms. Dicke's attorney and attorneys representing the Debtor's major creditors and the resolution of the Trustee's claims against Ms. Dicke.

As this Court will recall, the Trustee conducted an extensive review of the Debtor's books and records and learned that Ms. Dicke had made numerous ATM withdrawals, issued numerous checks payable to herself and to "cash," and used a Lakeside Manufacturing, Inc. American Express credit card for personal purchases.   Ms. Dicke ultimately admitted having engaged in the questionable transfers of funds and on December 6, 2010, this Court entered an Order authorizing the Trustee to settle his claims against Ms. Dicke for the sum of $240,000.00 and to execute a settlement agreement.   Ms. Dicke made total payments of $15,000.00 to the Trustee on account of the settlement, but thereafter defaulted.   Subsequent to the approval of the settlement agreement and up to the time Ms. Dicke defaulted, Much Shelist was involved in telephonic and written communications with the parties in interest in this case with respect to Ms. Dicke's performance of her obligations under the settlement agreement.   Much Shelist was

also involved in direct communications with Ms. Dicke with respect to her required payments and also prepared appropriate demand letters and notices of default which were transmitted to Ms. Dicke.  On November 28, 2011, the Trustee filed an adversary complaint against Ms. Dicke for the entry of judgment due to Ms. Dicke's default under the settlement agreement.  Time was expended preparing the adversary complaint and summons and serving same on Ms. Dicke and her attorney.  Ms. Dicke contacted the Trustee upon being served with the adversary complaint.  Thereafter, Much Shelist was involved in telephonic and written communications with Ms. Dicke with regards to the settlement of the adversary complaint.  Much Shelist prepared a settlement agreement, a motion to approve the settlement and appeared in court on a motion for authorization to settle the adversary complaint with Ms. Dicke.  On or about February 8, 2012, the Court approved the Trustee's motion to settle the adversary complaint with Ms. Dicke.

Once again Ms. Dicke failed to make the payments required under the adversary complaint settlement agreement and Much Shelist, after sending numerous demand letters to Ms. Dicke recorded the judgment which was entered against Ms. Dicke in conjunction with the settlement of the adversary complaint.  Thereafter, counsel was involved in telephonic and written communications with creditor representatives and with special counsel who was employed by the Trustee in connection with the Trustee's efforts to collect the judgment against Ms. Dicke.  Unfortunately, the Trustee was unable to find any free and clear assets belonging to Ms. Dicke which could be liquidated to satisfy the judgment which was entered against her.  Ms. Dicke ultimately offered to pay to the Trustee the sum of $5,000.00 in settlement of the judgment claim.  Much Shelist prepared appropriate pleadings and appeared in Court on a motion for authorization to settle the judgment claim against Ms. Dicke.  This Court entered an Order

approving the settlement on January 23, 2014.  The attorneys who provided services with respect

to general administrative matters and the time expended by them are as follows:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Norman B. Newman | 11.90 hrs. | $600.71/hr.* | 7,148.50 |
| Colleen E. McManus | 1.30 hrs. | $438.85/hr.* | 570.50 |
| Jeffrey M. Schwartz | 19.10 hrs. | $552.77/hr.* | 10,558.00 |
|  |  |  |  |
| **Paralegal** |  |  |  |
| Maribeth B. Robinson | 3.70 hrs. | $215.00/hr. | 795.50 |
|  |  |  |  |
| **TOTAL:** | **36.00 hrs.** |  | **$19,072.50** |

*During the time period covered by this application, the hourly rates of some of the individuals
who provided services changed.  The hourly rate reflected is an average rate.

**Retention of Professionals (Tab No. B-2)**:  Mr. Newman expended 3.00 hours in

connection with the employment of Robert Markoff and the firm of Markoff Krasny to serve as

Trustee's collection counsel.  A summary of the time expended by Mr. Newman in connection

with this matter is provided below:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Norman B. Newman | 3.00 hrs. | $599.00/hr.* | $1,797.00 |
|  |  |  |  |
| **TOTAL** | **3.00 hrs.** |  | **$1,797.00** |

*During the time period covered by this application, the hourly rates of some of the individuals
who provided services changed.  The hourly rate reflected is an average rate.

**Claims Administration (Tab No. B-3)**:  Mr. Newman expended 1.10 hours reviewing

possible objectionable claims filed by Katten and Temple, Water Management Technologies and

Water Management Technologies II.  Counsel also spoke with the attorney for the WMT

Claimants to confirm that each entity held its own separate claim.  A summary of Mr. Newman's

time is as follows:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Norman B. Newman | 1.10 hrs. | $625.00/hr. | $687.50 |
|  |  |  |  |
| **TOTAL:** | **1.10 hrs.** |  | **$687.50** |

*During the time period covered by this application, the hourly rates of some of the individuals who provided services changed.  The hourly rate reflected is an average rate.

**Fee Matters (Tab No. B-4)**:  Counsel expended 7.00 hours in connection with the preparation and filing of Much Shelist's  first interim fee petition and this final fee petition. Time was also expended appearing in Court in connection with the interim fee petition.

The attorneys who provided services in connection with this category and the time expended by them are as follows:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Norman B. Newman | 4.60 hrs. | $616.63/hr.* | $2,836.50 |
| Colleen E. McManus | 2.40 hrs. | $425.00/hr. | 1,020.00 |
|  |  |  |  |
| **TOTAL:** | **7.00 hrs.** |  | **$3,856.50** |

*During the time period covered by this application, the hourly rates of some of the individuals who provided services changed.  The hourly rate reflected is an average rate.

11.      During the time period covered by this application, Much Shelist incurred out-of-pocket expenses in the amount of $223.95.  Attached as <u>Exhibit C</u> is a detailed itemization of costs incurred.  The charge for photocopies is 10¢ per page.  Facsimile charges are $1.00 per page.  Much Shelist submits that these expenses were necessary and benefited the estate.

12.      The services rendered by Much Shelist as the Trustee's counsel have resulted in a benefit to the creditors of this estate.  Unfortunately, a great deal of time was expended in efforts to collect the $240,000.00 which Ms. Dicke initially agreed to pay to this estate.  There are insufficient funds on hand in this estate to pay the full amount of the incurred Chapter 7 administrative expenses.  However, Much Shelist and the Trustee are willing to reduce the

amount of the fees and expenses they will receive such that the Trustee will be left with $7,5000.00 on hand to facilitate a small distribution to unsecured creditors.

**WHEREFORE**, Much Shelist, P.C. respectfully requests that this Court enter an Order as follows:

(i)      Awarding Much Shelist final compensation in the amount of $25,413.50 plus reimbursement of out-of-pocket expenses in the amount of $223.95 for the period of November 3, 2010 through February 13, 2014.

(ii)     Authorizing the Trustee to pay Much Shelist the awarded compensation and out-of-pocket expenses as allowed expenses of administration of this estate;

(iii)    Making final the order allowing interim compensation dated December 6, 2010 and;

(iv)    Granting such other and further relief as this Court deems just and appropriate.

**Much Shelist, P.C**.

by:    /s/Norman B. Newman
One of Its Attorneys

Norman B. Newman ARDC No. 2045427
Much Shelist, P.C.
191 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Telephone:  312.521.2000
Email: nnewman@muchshelist.com

4728475_1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: | ) **Chapter 7** |
| | ) **Case no. 08-33179** |
| **LAKESIDE MANUFACTURING, INC.,** | ) **Hon. Jacqueline P. Cox** |
| | ) **Hearing Date:  5/8/14 @ 9:30 a.m.** |
| Debtor. | ) |

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL SERVICES**

Name of Applicant:                                    Much Shelist, P.C.

Authorized to provide professional services to:      Norman B. Newman, Trustee

Date of Order Authorizing Employment:                January 6, 2009

Period for which compensation is sought:             11/30/10 through 2/13/14

Amount of fees sought:                               $25,413.50

Amount of expense reimbursement sought:              $223.95

Retainer previously received:                        N/A

This is a(n):                    Interim Application  ___        Final Application  X

Prior fee applications:                    None

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| 11/10/10 | 1/6/09 – 10/31/10 | $46,273.70 | $46,273.70 | $0.00 |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $___0.00_____.

Dated: April 8, 2014                    Much Shelist, P.C.

By:      /s/Norman B. Newman_____
One of Its Attorneys